# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ERIK SHANNON BROWN, | No. CV 18-2458-JVS (PLA) |
| Plaintiff/Petitioner, | **ORDER TO SHOW CAUSE WHY PURPORTED CIVIL RIGHTS COMPLAINT SHOULD NOT BE DISMISSED AS AN IMPROPERLY FILED HABEAS PETITION** |
| v. | |
| HON. TIMOTHY STAFFEL, PRESIDING JUSTICE, COUNTY OF SANTA BARBARA, | |
| Defendant/Respondent. | |

On March 27, 2018, Erik Shannon Brown ("Brown") filed a form "Civil Rights Complaint" pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl.") along with a "Request to Proceed Without Prepayment of Filing Fees" ("Request").[1] In the Complaint, Brown alleges that a Santa Barbara County Superior Court Judge failed to "act within the Constitutional Provisions set out in the Safe Neighborhoods and Schools Act" of California's Proposition 47 ("Prop 47"). (Compl. at 5). Specifically, Brown contends that the judge failed to reclassify each of Brown's eligible offenses from a felony to a misdemeanor pursuant to Prop 47. (Id.). He further states that he has learned

---

[1] This Request, if granted, does not waive the $350.00 filing fee. Rather, if approved, it permits the filing of a Complaint when submitted, and requires that prison officials deduct the *full amount of the fee* from a plaintiff's prison account over time.

that he satisfies the relevant criteria for qualifying for Prop 47 relief, but that his felony convictions and enhancements remain and the trial court "did not remedy, cure or reclassify every Prop. 47 eligible offense even to this day." (Id.). Brown asserts that he is entitled to have all of his eligible offenses reclassified and to then "undergo a new sentencing," which would eliminate every prison prior that enhanced his "prison sentence of 8 years." (Compl. at 6). He requests that the Court declare this action "maintainable as a USC § 1983," and order defendant and all those acting in concert with defendant to resentence him to the sentence to which he believes he is entitled. (Id.). He also requests "reasonable fees & cost of litigation, this Suit and all other expenses related to this action." (Id.).

For the reasons set forth below, Brown is ordered to show cause why the Complaint should not be dismissed as an improperly presented habeas petition.

**A. HABEAS IS THE APPROPRIATE REMEDY**

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Brown cannot challenge an allegedly unlawful conviction or sentence in a federal civil rights action. A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016) (the Supreme Court has "made clear that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983") (*en banc*), cert. denied, 196 L. Ed. 2d 542 (2017). Here, based on the Court's review of the Complaint, it appears that Brown is challenging the fact or duration of his sentence, and *not* his conditions of confinement. Thus, his claims are more appropriately raised in a habeas action and Brown may not use a civil rights action to challenge the validity of his

conviction and sentence that allegedly resulted from state sentencing error. Such relief only is available in a habeas corpus action.[2]

Further, to the extent that Brown is seeking monetary damages for an allegedly unlawful conviction and sentence, his claims are not cognizable under § 1983 unless and until he can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. Id. No such showing has been made here. Therefore, Brown may not seek monetary damages for any alleged civil rights violation *if* that civil rights violation necessarily implicates the validity of his conviction.

The Court also notes that prisoners filing civil rights actions, unlike prisoners filing habeas actions, are liable for the full amount of the $350 filing fee. See 28 U.S.C. § 1915(b)(1); Naddi v. Hill, 106 F.3d 275 (9th Cir. 1997) (in forma pauperis provisions of section 1915, as amended by the Prison Litigation Reform Act of 1995, do not apply to habeas actions). In contrast, the filing fee for a habeas petition is $5, which may be waived if the Court grants a Request to Proceed In Forma Pauperis. 28 U.S.C. § 1914(a).

/

/

---

[2] To the extent petitioner is asserting a claim based on an alleged violation of state sentencing laws, his claim may not be cognizable, even in a habeas proceeding, because it challenges the application of state law, and does not allege a violation of the Constitution or federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); see, e.g., Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding question of whether particular prior conviction qualifies for sentence enhancement under California law not cognizable on federal habeas corpus review); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief is unavailable for alleged error in the interpretation or application of *state* law).

**B.     CONCLUSION**

Based on the foregoing, **no later than April 30, 2018**, Brown must submit to the Court his response making clear his arguments, if any, as to why the Complaint should not be dismissed as an improperly filed habeas petition. All facts relied upon by Brown must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

Alternatively, if he **chooses to proceed with a habeas action, Brown shall, no later than April 30, 2018, file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition")**, as follows:

1. The Petition **must utilize the form petition** that will accompany this Order.
2. The Petition must be completely filled out and must clearly indicate whether Brown has exhausted his habeas claim(s) in the state courts.[3]

Alternatively, if Brown agrees that the action should be dismissed without prejudice as an improperly filed habeas petition, or for any other reason,[4] he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). The opposing party has not yet appeared in this action.

---

[3] As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Exhaustion requires that a petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). A petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.

[4] For example, Brown may determine that before he files a habeas petition he will need to exhaust his claim(s) in the state supreme court.

**IT IS FURTHER ORDERED** that if a response to the Order to Show Cause, or alternatively a completed habeas Petition or Notice of Dismissal is not received **by April 30, 2018**, the dismissal of the instant action will be recommended for failure to state a claim pursuant to 42 U.S.C. § 1983, failure to prosecute, and/or failure to comply with this Order and governing case law.

The Court Clerk is directed to send Brown a blank Petition for Writ of Habeas Corpus by a Person in State Custody, and a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order.

DATED: April 2, 2018

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE