1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                   **WESTERN DIVISION**

11

12   ERIK SHANNON BROWN,                 )    No. CV 18-2458-JVS (PLA)
                                          )
13              Plaintiff/Petitioner,     )    **ORDER DISMISSING PURPORTED CIVIL**
                                          )    **RIGHTS ACTION**
14        v.                              )
                                          )
15   TIMOTHY STAFFEL,                     )
                                          )
16              Defendant/Respondent.     )
     _____)
17

18          On March 27, 2018, Erik Shannon Brown ("Brown") filed a form "Civil Rights Complaint"

19   pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl."), along with a "Request to Proceed Without

20   Prepayment of Filing Fees" ("Request"). In the Complaint, Brown alleged that a Santa Barbara

21   County Superior Court Judge, Honorable Timothy Staffel, failed to "act within the Constitutional

22   Provisions set out in the Safe Neighborhoods and Schools Act" of California's Proposition 47 ("Prop

23   47"). (Compl. at 5). Specifically, Brown alleged that the judge failed to reclassify each of Brown's

24   eligible offenses from a felony to a misdemeanor pursuant to Prop 47.[1] (Id.). He further stated that

25   _____

26          [1]   Prop 47, which took effect in California in November 2014, "reduced the penalties for
     certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather
27   than felonies. [Citations.] It also added section 1170.18 to the Penal Code, which allows those
     previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, to
28                                                                                        (continued...)

he has learned that he satisfies the relevant criteria for qualifying for Prop 47 relief, but that his felony convictions and enhancements remain and the trial court "did not remedy, cure or reclassify every Prop. 47 eligible offense even to this day." (Id.). Brown asserted that he is entitled to have all of his eligible offenses reclassified and to then "undergo a new sentencing," which would eliminate every prison prior that enhanced his "prison sentence of 8 years." (Compl. at 6). He requested that the Court declare this action "maintainable as a USC § 1983," and order defendant and all those acting in concert with defendant to resentence him to the sentence to which he believes he is entitled. (Id.). He also requested "reasonable fees & cost of litigation, this Suit and all other expenses related to this action." (Id.).

On April 2, 2018, the Magistrate Judge ordered Brown to show cause why the Complaint should not be dismissed as an improperly presented habeas petition. (ECF No. 4). In particular, Brown was advised in the Order to Show Cause that 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" (see 28 U.S.C. § 2254(a)); and that Brown cannot challenge an allegedly unlawful conviction or sentence in a federal civil rights action, as a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016) (the Supreme Court has "made clear that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983") (en banc), cert. denied, 196 L. Ed. 2d 542 (2017). The Magistrate Judge noted that because Brown was challenging the fact or duration of his sentence, and not his conditions of confinement, the relief he sought is only available in a habeas corpus action and Brown may not use a civil rights action to challenge the validity of his conviction and sentence that allegedly resulted from state sentencing error. Among other things,

---

[1](...continued)
petition the court to have their felony convictions designated as misdemeanors." People v. Zamarripa, 247 Cal. App. 4th 1179, 1182-83 (Cal. App. 2 Dist. 2016).

the Magistrate Judge also noted that Brown may not avoid the exhaustion requirements of a habeas corpus petition merely by arguing that he may bring a civil rights case "before a case is finalized" to avoid a "miscarriage of justice." (ECF No. 5 at 3). A civil rights complaint that appears to be seeking habeas relief should be dismissed without prejudice to allow the claims to be raised in a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Brown filed a Response to the Order to Show Cause on April 25, 2018 (ECF No. 5), and, on April 30, 2018, this Court issued an Order informing plaintiff that because he was seeking to have the Court order that he be re-sentenced by the state court, and because any claims raised in this purported civil rights action would necessarily implicate the fact or duration of his custody, his claims must instead be raised in a habeas petition. (ECF No. 8). The Court dismissed the civil rights complaint in this action with leave to amend as a habeas petition, and ordered plaintiff to either file a Petition for Writ of Habeas Corpus, or a Notice of Voluntary Dismissal, within 30 days of the date of that Order. (Id.). On April 30, 2018, Brown filed a habeas petition, which was filed as a separate action, case number CV 18-3617-JVS (PLA). That petition raises five claims seeking sentencing relief under California's Proposition 47 and, although filed under a different case number, nonetheless satisfies the Court's April 30, 2018, Order that plaintiff raise his claims in a habeas petition. (Case No. CV 18-3617-JVS (PLA), ECF No. 1).

Based on the foregoing, the civil rights complaint in this action is **dismissed without prejudice and without leave to amend**.

DATED: May 17, 2018

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE